IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

HATTIESBURG DIVISION

CHARLES J. MCGRIGGS                                                    PLAINTIFF

VS.                                                 CIVIL ACTION NO. 2:12cv47-MTP

MIKE HADDEN, ET AL.                                                 DEFENDANTS

## OPINION AND ORDER

THIS MATTER is before the court on the Motions for Summary Judgment [33] [38] filed by Defendants Mike Hadden, Dr. Ron Woodall, and Dr. Michael West and on the Motion for Summary Judgment filed by Plaintiff. Having reviewed the submissions of the parties and the applicable law, the court finds that the Defendants' Motions for Summary Judgment should be granted and Plaintiff's Motion for Summary Judgment should be denied.

## FACTUAL BACKGROUND

Plaintiff Charles J. McGriggs, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983 on March 20, 2012. Through his complaint, and as clarified during his *Spears*[1] hearing, Plaintiff alleges claims against Defendant Dr. Michael West for the denial and/or delay of adequate medical treatment in violation of the Eighth Amendment and alleges claims against Defendants Dr. Ronald Woodall and Mike Hadden for the failure to adequately investigate the situation and ensure that he received appropriate medical attention. *See* Omnibus Order [28]. The allegations in Plaintiff's complaint occurred while he was a post-

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's *Spears* hearing took place on December 4, 2012.

1

conviction inmate at the South Mississippi Correctional Institution ("SMCI"). Plaintiff is currently incarcerated at the SMCI serving a 18-year sentence after having been convicted of rape in Warren County. Plaintiff's tentative release date is August 20, 2022.[2]

## STANDARD FOR SUMMARY JUDGMENT

This court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, the Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the Defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id* at 712.

There, however, must be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations,"[3] unsubstantiated assertions,[4] or the presence of a "scintilla of evidence,"[5] is not enough to create a real controversy regarding material facts. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no

---

[2] *See* http://www.mdoc.state.ms.us/InmateDetails.asp?PassedId=K0205 (last visited 7/25/13).

[3] *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990)

[4] *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994)

[5] *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994)

*genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

## ANALYSIS

Plaintiff's claims are before the court pursuant to 42 U.S.C. § 1983. Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'right, privileges, or immunities secured by the Constitution and laws' of the United States." *Id*. (quoting 42 U.S.C. § 1983).

It is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability.") (citations omitted). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Thus, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the

constitutional violation." *Thompkins*, 828 F.2d at 304; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Moreover, "[f]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). The Supreme Court has held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom, or practice of that local government entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

*Denial of Adequate Medical Care*

Plaintiff alleges a claim against the Defendants for the denial and /or delay of adequate medical treatment in violation of the Eighth Amendment. Specifically, he claims he was denied adequate medical treatment by Dr. West for his broken top partial dental plate.

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. App'x 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A

prison official may not be held liable under this standard pursuant to Section 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Id*. at 838. Plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 Fed. App'x at 965 (quoting *Domino*, 239 F.3d at 756). "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986). The Plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, No. 4:03cv141-WHB-JCS, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006). Further, a prisoner's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001).

The record reflects that Plaintiff received regular treatment for his dental issues. He first received a top partial dental plate ("partial") while he was incarcerated at the Mississippi State Penitentiary in Parchman. On June 2, 2009, Plaintiff submitted a sick call because his "partial

broke again."[6] Dr. Jeremy Hardy repaired the partial on June 10, 2009. On August 20, 2009, Plaintiff submitted a sick call regarding another break in his partial. On September 4, 2009, Dr. Hardy ordered Plaintiff a new partial because the partial was "broken in area of multiple previous repairs and metal reinforcement." *See* Ex. A to Motion [38] at 10; Ex. A [36] to Motion [33] at 5-9.

On September 25, 2009, Plaintiff received his new partial. On January 6, 2010, Plaintiff submitted a sick call because the teeth were broken off his partial. On January 7, 2010, Dr. Hardy replaced the teeth in the partial. On October 18, 2010, Plaintiff submitted a sick call relating to another broken tooth in his partial. On October 21, 2010, Dr. Glenn Hendrix smoothed the edge of the broken denture tooth. *See* Ex. A [36] to Motion [33] at 10-17.

On September 13, 2011, Plaintiff submitted a sick call because his partial broke yet again. On September 22, 2011, Dr. West recommended extracting Plaintiff's remaining top teeth and providing him with a full upper denture. Plaintiff did not agree with Dr. West's recommendations and refused this course of treatment. In fact, the Plaintiff signed a refusal of treatment form. Plaintiff requested that his partial be replaced. This request was denied. *See* Ex. A [36] to Motion [33] at 18-21; *See* Ex. A to Motion [38] at 12.

Plaintiff's claims are based on the fact Plaintiff did not agree with Dr. West's recommendation, Dr. West refused to replace Plaintiff's partial, and Plaintiff was not provided a soft diet.

In his Motion [38] and Supporting Memorandum [39] Defendant Dr. West argues that

---

[6] The medical records reflect that the Plaintiff's partial had been repaired on November 21, 2008; December 17, 2008; and January 1, 2009.

Plaintiff has failed to establish Dr. West was deliberately indifferent to Plaintiff's medical needs, and thus, Dr. West is entitled to judgment as a matter of law.[7] In support of his Motion [38], Dr. West submitted a transcript of the *Spears* hearing, Plaintiff's dental records, an affidavit of Dr. West, and the Administrative Remedy Program second step response form. *See* Exs. A-D to Motion [38].

In his Motion for Summary Judgment [44] and Supporting Memorandum [46], which the court construes as responses in opposition to Defendants' Motions [33] [38], Plaintiff argues that Dr. West denied him adequate medical treatment by refusing to replace Plaintiff's partial and not providing him with a soft diet.

In order to succeed on his claims, Plaintiff must demonstrate that Defendants were deliberately indifferent to his serious medical needs. *See Davidson*, 91 Fed. App'x at 964. Plaintiff has failed to show that Dr. West was deliberately indifferent to his medical needs. Based on the evidence before the court, Dr. West nor any other medical professional ever refused to treat Plaintiff, ignored his complaints, or denied him medical treatment.[8] To the contrary, when Plaintiff presented with a complaint, Dr. West saw him and provided him with a recommendation for treatment.

According to Dr. West's affidavit, it is his "professional opinion that the reason for the continued breaks and fractures was that Mr. McGriggs did not have a sufficient number of top

---

[7] Dr. West and Dr. Ron Woodall jointly filed a Motion for Summary Judgment. Plaintiff's claims against Dr. Woodall and Dr. Woodall's arguments for summary judgment are discussed below.

[8] In addition to seeing Plaintiff on September 22, 2011, Dr. West cleaned Plaintiff's teeth on October 7, 2011. *See* Ex. A [36] to Motion [33] at 22-24.

teeth to provide the necessary support for a partial denture. This lack of support was what led to the prior breaks." He states that it is his "professional opinion that the best course of treatment would have been to remove the remaining top teeth and provide Mr. McGriggs with a full upper denture." He also states that Plaintiff did not request a soft diet and Plaintiff did not require a soft diet because "Mr. McGiggs did still have most of his bottom teeth and it is my professional opinion that he should have been able to chew his food with his remaining teeth." Dr. West's sworn testimony is consistent with the medical records. *See* Ex. C to Motion [38].

Plaintiff refused the treatment recommended to him by Dr. West. Plaintiff's alleged injuries are a direct result of this refusal. Plaintiff alleges that Dr. West should have attempted an alternative method of treatment, the replacement of his partial. Plaintiff did not want the teeth extraction or the full denture. However, "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton*, 122 F.3d at 292.

The record demonstrates, Plaintiff was provided access to a medical professional, the medical professional assessed Plaintiff's condition, and Plaintiff disagreed with the medical professional's recommendation regarding the proper course of treatment. These facts are insufficient to demonstrate deliberate indifference.

Even if Dr. West was negligent in his treatment of Plaintiff, this does not rise to the level of a constitutional violation; Plaintiff is not entitled to the "best" medical treatment available. *See Daniels*, 474 U.S. at 333-34; *McMahon*, 583 F.2d at 174; *Davidson*, 91 Fed. App'x at 965 (citing *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999)) ("Unsuccessful medical treatment, ordinary acts of negligence, or medical malpractice do not constitute a cause of action under § 1983."); *Bennett v. Louisiana ex rel. Dep't of Public Safety and Corr.*, No. 07-31189, 2009 WL

8

102080, at *4 (5th Cir. Jan. 15, 2009) (affirming dismissal of plaintiff's wrongful death claim against prison officials, reasoning "[w]hile the [officials] may very well have exercised poor medical judgment in not performing additional tests on [the deceased prisoner], [plaintiff] has not shown that their actions rise to the level of deliberate indifference").

To the extent Plaintiff alleges claims against Dr. West in his official capacity, which would in effect be a claim against SMCI or the Mississippi Department of Corrections ("MDOC"), Plaintiff's claims fail as a matter of law. As stated above, there is no respondeat superior liability under Section 1983. *See Oliver*, 276 F.3d at 742 & n. 6. Further, Plaintiff has failed to demonstrate that SMCI or the MDOC implemented a policy, custom, or practice that was the "moving force" behind the alleged constitutional violation. *See Monell*, 436 U.S. at 694.

Based on the foregoing, Plaintiff has failed to create a genuine issue of material fact as to whether Dr. West was deliberately indifferent to his serious medical needs. Dr. West is entitled to judgment as a matter of law.

*Failure to Adequately Investigate*

Plaintiff alleges that Defendants Mike Hadden and Dr. Ron Woodall failed to adequately investigate his spoken complaint and his Administrative Remedy Program ("ARP") complaint regarding inadequate medical treatment for his dental issues and failed to ensure that he received appropriate medical attention. Mr. Hadden was the medical director of SMCI. Plaintiff alleges that he spoke with Mr. Hadden about his medical situation. He alleges that Mr. Hadden said he would look into the situation, but Plaintiff never heard back from Mr. Hadden. Plaintiff brought suit against Dr. Woodall because he was the first-step responder to Plaintiff's ARP grievance and Dr. Woodall signed off on the denial of the ARP. *See* Omnibus Order [28].

9

The record reflects that on or about October 10, 2011, Plaintiff submitted an ARP grievance regarding the denial of adequate medical treatment for his dental issues. In November, 2011, Dr. Woodall provided a first step response stating that Plaintiff "refused extraction and dentures; see refusal of treatment." The second step response states "Offender McGriggs signed a refusal of treatment re multiple extractions and dentures on 9/22/11. Claim has no merit." *See* Ex. B to Motion [33].

In their Motions and Supporting Memoranda, Defendants argue that Plaintiff has failed to establish that Defendants violated his constitutional right, and thus, they are entitled to judgment as a matter of law. The court agrees with Defendants. Plaintiff's claim that Defendants Hadden and Dr. Woodall failed to adequately investigate his grievance simply does not give rise to a constitutional claim. *See Dehghani v. Vogelgesang*, 226 Fed. App'x 404, 406 (5th Cir. 2007) (holding that plaintiff's allegation that warden failed to adequately investigate his grievance did not amount to a constitutional violation); *Charles v. Nance*, 186 Fed. App'x 494, 495 (5th Cir. 2006); *Woodland v. City of Vicksburg*, No. 5:05cv85-DCB-JCS, 2006 WL 3375256, at *3 (S.D. Miss. Nov. 21, 2006) (stating that claim for "failure to investigate" did not amount to a constitutional violation). Moreover, Plaintiff has no constitutional right to a grievance procedure and has no due process liberty interest right to having his grievance resolved to his satisfaction. *See Geiger v. Jower*, 404 F.3d 371, 374-75 (5th Cir. 2005); *Jones v. Shabazz*, No. H-06-1119, 2007 WL 2873042, at *21 (E.D. Tex, Sept. 28, 2007); *see also Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (holding that the mere failure of a prison official to follow the prison's own regulation or policy does not amount to a constitutional violation); *McGowan v. Peel*, No. 3:06cv659-DPJ-JCS, 2007 WL 710154, at *1-2 (S.D. Miss. March 6, 2007).

Additionally, Plaintiff has failed to show that Defendants Hadden and Dr. Woodall were deliberately indifferent to his serious medical condition. *See Davidson*, 91 Fed. App'x at 964. As previously mentioned, there is no supervisory or respondeat superior liability under Section 1983. *See Oliver*, 276 F.3d at 742 & n. 6. Accordingly, these supervisory Defendants cannot be held responsible for Dr. West's alleged denial of adequate medical treatment. *See Thompkins*, 828 F.2d at 304 ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability.").

Plaintiff has failed to demonstrate that Defendants Hadden and Woodall were personally involved in the alleged denial of adequate medical treatment, or that they implemented an unconstitutional policy that causally resulted in an injury to Plaintiff. Therefore, Plaintiff has failed to establish a constitutional violation by these Defendants. *See Stewart*, 174 F.3d at 536 (holding that medical director was not deliberately indifferent to plaintiff's serious medical needs where director was not one of the treating physicians and had limited contact with plaintiff); *Hailey v. Savers*, 240 Fed. App'x 670, 672 (5th Cir. 2007) (affirming dismissal of prison medical administrator because plaintiff "failed to allege specific facts to demonstrate that [administrator] had personal involvement in placing [plaintiff] in a job assignment that posed a substantial risk of harm or that [administrator] implemented policies to physically harm [plaintiff]"). A defendant's involvement in the ARP process alone is an insufficient basis upon which to impose constitutional liability. *See Golden v. Walker*, No. 5:08cv292-DCB-MTP, 2009 WL 3448833, at *2 (S.D. Miss. Oct. 21, 2009).

Even if these Defendants were negligent in carrying out their duties in responding to Plaintiff's complaints, this does not meet the high standard of deliberate indifference. *See Arnett*

11

*v. Webster*, 658 F.3d 742, 758 (7th Cir. 2011) ("Although [the official's] failure to [investigate] may amount to negligence, the summary judgment record does not lead to the conclusion that it rose to the level of deliberate indifference.").

Based on the foregoing, Plaintiff has failed to create a genuine issue of material fact as to whether Defendants Hadden and Dr. Woodall were deliberately indifferent to his serious medical needs. Defendants Hadden and Dr. Woodall are entitled to judgment as a matter of law.

*Qualified Immunity*

Although Defendants have raised the defense of qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise establish a claim, then the defendant is entitled to dismissal on that basis." *Well v. Bonner*, 45 F.3d 90,93 (5th Cir. 1993) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)); *see also Sappington v. Bartee*, 195 F.3d 234, 236 (5th Cir. 1999). Because the court finds that the Plaintiff's claims are not cognizable as constitutional claims, it need not address the issue of whether the Defendants are entitled to qualified immunity.

## CONCLUSION

For the reasons stated above, the court finds that Defendants' Motions for Summary Judgment [33] [38] should be granted and Plaintiff's Motion for Summary Judgment [44] should be denied. Accordingly,

IT IS THEREFORE, ORDERED:

1. That Defendant Mike Hadden's Motion for Summary Judgment is GRANTED and that this action is dismissed with prejudice.

2. That Defendants Dr. Ron Woodall and Dr. Michael West's Motion for Summary

Judgment is GRANTED and that this action is dismissed with prejudice.

    3. That Plaintiff's Motion for Summary Judgment is DENIED.

    4. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

    SO ORDERED

    THIS, the 30th day of July, 2013.

    s/ Michael T. Parker
    United States Magistrate Judge